IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VSAT SYSTEMS, LLC, et al., | ) | CASE NO. 5:20-cv-00041 |
| | ) | |
| | ) | |
| Plaintiffs, | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| INTELSAT US LLC | ) | AND ORDER TRANSFERRING |
| *by assignment from other* | ) | VENUE |
| Intelsat USA Sales, LLC | ) | |
| | ) | |
| Defendant. | ) | |

The parties having consented to the jurisdiction of the undersigned, this case is before the Court on Defendant's Motion to Transfer Venue (the "Motion"). Doc. 4. The Motion, filed pursuant to 28 U.S.C. § 1404(a), is based on a forum-selection clause which states that "[t]he courts of the Southern District of New York shall have exclusive jurisdiction over any dispute." Doc. 1-1, p. 14, ¶ 13. Plaintiffs contend that the forum-selection clause is inapplicable to their claims and, alternatively, that the forum-selection clause is ambiguous and/or unenforceable. Doc. 26. Having considered the arguments of the parties, for the reasons explained more fully herein, the Court **GRANTS** Defendant's motion to transfer venue to the United States District Court for the Southern District of New York (Doc. 4).

I.      **Background**

On December 20, 2019, Plaintiffs VSAT Systems, LLC ("VSAT") and Skycasters, LLC ("Skycasters") (hereinafter referred to collectively as "Plaintiffs"), providers of satellite internet services, filed a lawsuit against Defendant Intelsat US LLC *by assignment from other* Intelsat

1

USA Sales LLC, a seller and provider of satellite transponder services ("Defendant" or "Intelsat"), in the Summit County, Ohio, Court of Common Pleas. Doc. 1-1. In their Verified Complaint, Plaintiffs seek a declaratory judgment, accounting, breach of contract and injunctive relief. Doc. 1-1. The lawsuit relates to a Non-Exclusive Service Agreement (the "Service Agreement") entered into on or about September 6, 2005, between VSAT and Intelsat USA Sales Corp. and a written Transponder Service Order No. 1-2JDTE-Amendment 6 (the "Service Order") entered into on or about January 1, 2019, between VSAT and Defendant.[1] Doc. 1-1, pp. 2, 9-23.

On December 20, 2019, the Summit County Court of Common Pleas issued a temporary restraining order ("TRO") as follows:

> A temporary restraining order barring Defendant, including its officers, agents, employees and contractors, from terminating the Services currently being provided to Plaintiffs and/or their customers under that certain Non-Exclusive Service Agreement by and between Plaintiffs and Defendant, dated September 6, 2005 and under that certain Transponder Service Order No. 1-2JDTE-Amendment 6 by and between Plaintiffs and Defendant, dated January 1, 2019.

Doc. 1-6. A later Order of that court stated that the TRO "shall remain in effect until January 10, 2020."[2] Doc. 1-9. Defendant removed the case to this Court on January 8, 2020, on the basis of diversity jurisdiction.[3] Doc. 1. Two days later, on January 10, 2020, Defendant filed the Motion based on Section 13 of the Service Agreement, which provides:

---

[1] As reflected in the Defendant's Supplement Statement Regarding Defendant Entities, as a result of merger of Intelsat USA Sales Corp. with Intelsat USA Sales LLC, Intelsat USA Sales LLC became the surviving entity and, as a result of a subsequent merger of Intelsat USA Sales LLC with Intelsat US LLC, Intelsat US LLC became the surviving entity. Doc. 32.

[2] The Order indicated that a preliminary injunction hearing was scheduled for January 10, 2020, but did not provide that the TRO would remain in effect beyond January 10, 2020, in the event that the hearing did not go forward as scheduled. This Court previously found that the TRO issued by the state court expired by its terms on January 10, 2020. Doc. 30.

[3] Following removal, the Court ordered the parties, who are LLCs, to file statements of citizenship. Doc. 18. Considering the parties' statements of citizenship (Doc. 27, Doc. 28), the Court has concluded that the parties are diverse.

> 13. JURISDICTION
>
> This Agreement shall be governed and Interpreted in all respects by the laws of the State of New York without regard its provisions on conflict of laws. The courts of the Southern District of New York shall have exclusive jurisdiction over any dispute. Nothing contained in this Section shall limit any rights either Party may have to seek immediate injunctive relief against the other Party.

Doc. 1-1, p. 14, § 13.[4]

Defendant filed a memorandum in support of the Motion. Doc. 5. Plaintiffs filed a memorandum in opposition (Doc. 26) and Defendant filed a reply (Doc. 33).

**II.     Law and Analysis**

    **A.     Law regarding enforceability of forum-selection clause**

"[A] forum-selection clause . . . may be enforced through a motion to transfer under § 1404(a)." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 59 (2013). That section provides that "'[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.'" *Id.* (quoting 28 U.S.C. § 1404(a)). Section 1404(a) "provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district."[5] *Id.*

The Supreme Court has explained that, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atlantic Marine*, 571 U.S. at 62 (footnote omitted).

---

[4] The Service Order is subject to the terms and conditions of the Service Agreement. Doc. 1-1, p. 16, ¶ 3.

[5] "[B]oth § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard[.]" *Atlantic Marine*, 571 U.S. at 61. Thus, "courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Id.*

Generally, in a "case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations." *Id.* at 62. However, "[t]he presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis" in the following three ways: (1) "the plaintiff's choice of forum merits no weight"; (2) "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests"; and (3) "a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.* at 63-66. "In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain." *Id.* at 66. The burden to demonstrate "that public-interest factors overwhelmingly disfavor a transfer[]" is on "the party acting in violation of the forum-selection clause[.]" *Id.* at 67.

The *Atlantic Marine* analysis comes into play once a court has determined that there is an enforceable forum-selection clause. *See e.g.*, *North v. McNamara*, 47 F.Supp.3d 635, 646-648 (S.D. Ohio 2014) (determining whether a forum-selection clause was enforceable and then applying the *Atlantic Marine* analysis to determine whether a § 1404(a) transfer was proper and appropriate). Thus, the Court must first determine whether the parties' forum-selection clause is enforceable.[6] If the answer to that question is yes, then under the *Atlantic Marine* analysis, Plaintiffs must be able to show "extraordinary circumstances unrelated to the convenience of the parties[,]" *id.* at 62, in order to defeat Defendant's motion to transfer venue.

### B. The forum-selection clause applies to the claims in this case, is unambiguous, and is enforceable

#### 1. The clause applies to the claims in this case

---

[6] The Supreme Court's analysis in *Atlantic Marine* presupposed "a contractually valid forum-selection clause." *Id.* at 62, n. 5.

Plaintiffs first argue that their "claim for injunctive relief is explicitly not subject to the referenced forum selection clause." Doc. 26, pp. 2-3. In advancing this argument, Plaintiffs point to the final sentence of Section 13 of the Service Agreement, which is italicized below:

> 13. JURISDICTION
>
> This Agreement shall be governed and Interpreted in all respects by the laws of the State of New York without regard its provisions on conflict of laws. The courts of the Southern District of New York shall have exclusive jurisdiction over any dispute. *Nothing contained in this Section shall limit any rights either Party may have to seek immediate injunctive relief against the other Party.*

Doc. 1-1, p. 14, § 13. Contrary to Plaintiffs' argument, the last sentence does not expressly provide for an exception to the parties' agreement that that "courts of the Southern District of New York shall have exclusive jurisdiction over *any* dispute." Doc. 1-1, p. 14, § 13 (emphasis supplied). It states only that a party is not precluded from seeking a particular type of remedy, e.g., immediate injunctive relief. It does not provide that requests for immediate injunctive relief may be filed in courts other than courts of the Southern District of New York. There is nothing in the last sentence that changes or limits the parties' agreement regarding exclusive jurisdiction over *any* disputes. Thus, the Court finds that claims for injunctive relief are not explicitly excluded from the forum-selection clause.

### 2. The clause is not ambiguous

Alternatively, Plaintiffs argue that "the forum selection clause is at best ambiguous and should be construed against Defendant[,]" the drafting party. Doc. 26, pp. 3-5. The Court finds that Section 13 is not ambiguous. It clearly provides that "courts of the Southern District of New York *shall* have exclusive jurisdiction over *any* dispute." Doc. 1-1, p. 14, § 13 (emphasis supplied). Notwithstanding the final sentence of the Section, there is no ambiguity. This provision is not permissive. Rather, by using "shall," the parties to the agreement

5

unambiguously chose to make the exclusive jurisdiction provision mandatory. Further, as discussed above, the last sentence does not provide that requests for immediate injunctive relief may be filed in any court and there is nothing in the last sentence that changes or limits the parties' agreement regarding exclusive jurisdiction over *any* dispute.

### 3. The clause is enforceable

To determine whether a forum-selection clause is enforceable, courts look to federal law. *North*, 47 F.Supp.3d at 639 (citing Wong v. PartyGaming, Ltd., 589 F.3d 821, 828 (6th Cir.2009)). "Generally, a 'forum selection clause should be upheld absent a strong showing that it should be set aside.'" *Id.* "In the Sixth Circuit, three considerations govern the enforceability determination: '1) whether the clause was obtained by fraud, duress, or other unconscionable means; 2) whether the designated forum would ineffectively or unfairly handle the suit; and 3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust.'" *Id.*

Plaintiffs' final argument is that, even if the Court finds that the forum-selection clause is unambiguous and applies to their claim for injunctive relief, the clause "is unenforceable as a matter of law because it is inconvenient, unreasonable and unjust." Doc. 26, p. 5. Thus, Plaintiffs' argument is focused on the third prong that courts look to when assessing whether a forum-selection clause is enforceable, i.e., whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust. *See e.g., North*, 47 F.Supp.3d at 639-640 (citing *Wong*, 589 F.3d at 828). Plaintiffs argue:

> Here, Defendant is attempting to transfer this dispute to the Southern District of New York which is located nearly 500 miles away. It is entirely inconvenient for *both parties* to litigate this matter in New York. Plaintiffs are Ohio limited liability companies located in Akron, Ohio. Defendant is a Delaware limited liability company with its principal place of business in McLean, Virginia. The facts of this dispute are entirely unrelated to New York. There are no witnesses or documents

> located in New York. Neither party is incorporated in New York or maintains employees or offices in New York that are relevant to this dispute.
>
> The Southern District of New York is an inconvenient and improper venue for this dispute to be heard. Defendant's Motion to Transfer to a venue nearly 500 miles away is nothing more than an unreasonable attempt by Defendant to limit Plaintiff's right to obtain relief.

Doc. 26, p. 5 (emphasis in original).

As explained by the Sixth Circuit, to meet the third prong, a "plaintiff must show that enforcement of the claims would be so inconvenient such that its enforcement would be unjust or unreasonable." *Wong*, 589 F.3d at 829. "This finding must be based on more than mere inconvenience of the party seeking to avoid the clause." *Id.* The Sixth Circuit explained further that it had "previously held that enforcement of a forum selection clause would not be unreasonable where the opposing party failed to produce any evidence that it was exploited or unfairly treated." *Id.* The party seeking to avoid enforcement of a forum-selection clause bears a "heavy burden." *Id.* at 830.

Considering the heavy burden that rests with Plaintiffs in seeking to avoid enforcement of the forum-selection clause, the Court finds that Plaintiffs have not demonstrated that litigating their dispute in the Southern District of New York would be so inconvenient for them that it would be unjust to require them to bring suit there. While it may be more convenient for Plaintiffs to litigate in Ohio, VSAT entered into a contract that provided for exclusive jurisdiction in the courts of the Southern District of New York. Plaintiffs have not argued or shown that they are unsophisticated businesses. And, even if they could make such a showing, enforcement of the forum-selection clause would not necessarily be unjust or unreasonable. *See e.g., Wong*, 589 F.3d at 829-830 ("In this case, plaintiffs are not sophisticated business entities with the ability to negotiate the forum, and continuing the suit in Gibraltar would no doubt be an

7

inconvenience. Yet even with these considerations, plaintiffs have not carried their "heavy burden" of showing that enforcing this forum selection clause would be unjust or unreasonable.").

The Court finds that the forum-selection clause is valid and enforceable as to *any* dispute. Plaintiffs have not shown that one of the remedies they seek, e.g., injunctive relief, alters the mandatory exclusive jurisdiction provision contained in the Service Agreement and incorporated into the Service Order.

> **C. Transfer of venue to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a) is required under *Atlantic Marine***

Having determined that the forum-selection clause is enforceable, the Court turns to whether transfer under § 1404(a) is proper and appropriate. To that end, the Court looks to the analysis set forth in *Atlantic Marine*. As discussed above, *Atlantic Marine* instructs that "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." 571 U.S. at 62. Thus, the existence of a "valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis" in the following three ways: (1) "the plaintiff's choice of forum merits no weight"; (2) "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests"; and (3) "a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.* at 63-66. Thus, "private-interest factors are weighed entirely in favor of the preselected forum." *North*, 47 F.Supp.3d at 647 (citing *Atlantic Marine*). A court may therefore consider arguments only about public-interest factors. *Id.* However, "those factors rarely defeat a transfer motion." *Id.* (internal quotations omitted).

Since the Court has found that the forum-selection clause is valid and enforceable, no weight is given to Plaintiffs' arguments regarding the parties' private interests. Further, Plaintiffs have not demonstrated that there are public-interest factors to defeat Defendant's motion to transfer. Other than arguing New York is nearly 500 miles way from Ohio and it would be inconvenient for both parties, Plaintiffs argue that "The facts of this dispute are entirely unrelated to New York. There are no witnesses or documents located in New York. Neither party is incorporated in New York or maintains employees or offices in New York that are relevant to this dispute." Doc. 26, p. 5. However, the agreement specifically provides that the agreement "shall be governed and Interpreted in all respects *by the laws of the State of New York* without regard its provisions on conflict of laws." Doc. 1-1, p. 14, ¶ 13 (emphasis supplied). Additionally, many of Plaintiffs' customers are not located in and/or are not connected to Ohio, e.g., Indiana Homeland Security, Commonwealth of Kentucky, and the New Orleans Parish Sheriff Department (Doc. 1-1, p. 5, ¶ 29 (Plaintiffs' Complaint)).

Here, there is a valid forum-selection clause. Thus, private-interest factors are not given weight. Furthermore, Plaintiffs have not satisfied their burden of demonstrating "that public-interest factors overwhelmingly disfavor a transfer." *See Atlantic Marine*, 571 U.S. at 67. Accordingly, applying the analysis set forth in *Atlantic Marine*, the Court finds that transfer to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a) is proper and appropriate.

### III. Conclusion

For the reasons explained herein, the Court **GRANTS** Defendant's motion to transfer venue (Doc. 4) and hereby directs the Clerk to transfer this case to the United States District Court for the Southern District of New York.

January 28, 2020

*/s/ Kathleen B. Burke*
Kathleen B. Burke
U.S. Magistrate Judge